Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
FARIBA RAHIMIAN MARNANI

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| FARIBA RAHIMIAN MARNANI,<br><br>                    Plaintiff,<br><br>         v.<br><br>MEZZETTI FINANCIAL SERVICES, INC., a California corporation; JOSE MEZZETTI, individually and in his official capacity; HOLMES & USOZ, LLP, a California limited liability partnership; and LESLIE ANNE HOLMES, individually and in her official capacity,<br><br>                    Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 United States Code § 1692 *et seq*.<br><br>California Civil Code § 1788 *et seq*. |

Plaintiff, FARIBA RAHIMIAN MARNANI, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I.  INTRODUCTION

1. Defendants wrongfully attempted to levy Plaintiff's bank account to satisfy a defaulted consumer debt that was not incurred by Plaintiff or lawfully owed by Plaintiff.  Despite the lack of any probable cause, Defendants drafted and served a Notice of Levy Under Writ of Execution (Money Judgment) on JPMorgan Chase Bank, N.A., listing Plaintiff's checking account number in an

attempt to collect a judgment entered against Plaintiff's sister, Nadieh Rahimian Marnani.  As a direct and foreseeable result of Defendants' wrongful actions, Plaintiff's bank account was levied.  Defendants' unlawful collection activities caused Plaintiff to suffer actual damages, including bank charges and fees, interest and other charges on borrowed replacement funds, and the attorney fees and costs she was required to incur opposing Defendants' unlawful collection efforts.

2. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

3. According to 15 U.S.C. § 1692:

a. There is abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors.  Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs and to invasions of individual privacy.

b. Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c. Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d. Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce.  Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e. It is the purpose of this title to eliminate abusive debt collection practices by

debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

4. Plaintiff also seeks actual damages, statutory damages, statutory penalties, attorney fees and costs for Defendants' violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. (hereinafter "RFDCPA"), which prohibits creditors and debt collectors from engaging in abusive, deceptive and unfair practices.

5. The California Legislature has found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.[1]

## II. JURISDICTION

6. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

7. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## III. VENUE

8. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

///

---

[1] Cal. Civil Code § 1788.1(a)(1).

### IV. INTRADISTRICT ASSIGNMENT

9. This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

### V. PARTIES

10. Plaintiff, FARIBA RAHIMIAN MARNANI (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

11. Defendant, MEZZETTI FINANCIAL SERVICES, INC. ("MFS"), is a California corporation engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 1114 North First Street, #1, San Jose, California  95112. MFS may be served as follows: Mezzetti Financial Services, Inc., c/o Leslie Holmes, Agent for Service of Process, 333 West Santa Clara Street, Suite 805, San Jose, California  95113.  The principal business of MFS is the collection of defaulted consumer debts using the mails and telephone and MFS regularly attempts to collect defaulted consumer debts alleged to be originally due another.  MFS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

12. Defendant, JOSE MEZZETTI (hereinafter "MEZZETTI"), is a natural person and is or was an employee, agent, officer and/or director of MFS at all relevant times.  MEZZETTI may be served at his current business address at: Jose Mezzetti, Mezzetti Financial Services, Inc., 1114 North First Street, #1, San Jose, California  95112.  The principal purpose of MEZZETTI's business is the collection of defaulted consumer debts due or alleged to be originally due another.  MEZZETTI is regularly engaged in the business of collecting defaulted consumer debts through the use of the U.S. Mail, telephone and internet.  MEZZETTI is a "debt collector" within the meaning of 15 U.S.C. §

1692a(6) and Cal. Civil Code § 1788.2(c).  Plaintiff is informed and believes, and thereon alleges that MEZZETTI is liable for the acts of MFS because he sets and approves MFS collection policies, practices, procedures, and he directed and participated in the unlawful activities described herein.

13. Defendant, HOLMES & USOZ, LLP (hereinafter "H&U"), is a limited liability partnership engaged in the business of collecting defaulted consumer debts in this state with its principal place of business located at: 333 West Santa Clara Street, Suite 805, San Jose, California 95113.  H&U may be served as follows: Holmes & Usoz, LLP, c/o Leslie Holmes, Agent for Service of Process, 333 West Santa Clara Street, Suite 805, San Jose, California 95113.  The principal business of H&U is the collection of defaulted consumer debts using the mails and telephone, and H&U regularly attempts to collect defaulted consumer debts alleged to be due another.  H&U is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

14. Defendant, LESLIE ANNE HOLMES (hereinafter "HOLMES"), is a natural person and licensed attorney in the state of California, and is or was a general partner of H&U at all relevant times.  HOLMES may be served at her current business address at: Leslie Anne Holmes, Holmes & Usoz, LLP, 333 West Santa Clara Street, Suite 805, San Jose, California 95113.  The principal purpose of HOLMES's business is the collection of defaulted consumer debts due or alleged to be due another.  HOLMES is regularly engaged in the business of collecting defaulted consumer debts by filing and maintaining numerous civil debt collection lawsuits on behalf of others and obtaining judgments in those lawsuits by utilizing the U.S. Mail, telephone, and internet.  HOLMES is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).  Plaintiff is informed and believes, and thereon alleges that HOLMES is liable for the acts of H&U because she is a general partner of H&U, she sets and approves H&U's collection policies, practices, procedures, and she directed and participated in the unlawful activities described herein.

15. At all times herein mentioned, each of the Defendants was an officer, director, agent, servant, employee and/or joint venturer of his/her co-defendants, and each of them, and at all said times, each Defendant was acting in the full course and scope of said office, directorship, agency, service, employment and/or joint venture. Any reference hereafter to "Defendants" without further qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

## VI.  FACTUAL ALLEGATIONS

16. Plaintiff is informed and believes, and thereon alleges that, on a date or dates unknown to Plaintiff, Plaintiff's sister, Nadieh Rahimian Marnani, is alleged to have incurred a financial obligation (hereinafter "the debt"). Plaintiff is informed and believes, and thereon alleges that the debt was incurred by Nadieh Rahimian Marnani primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

17. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the debt was consigned, placed or otherwise transferred to Defendants for collection from Nadieh Rahimian Marnani.

18. Thereafter, on or about December 10, 2013, Defendants filed a lawsuit against Nadieh Rahimian Marnani in the Superior Court of California for the County of Santa Clara captioned *Mezzetti Financial Services, Inc. v. Nadieh Rahimian Marnani, a/k/a Nadieh Rahimianmarnani, et al.*, Case No. 1-13-CV-257650 (hereinafter the "state court lawsuit"), which sought to collect the debt.

19. On May 12, 2014, a default judgment was entered in the state court lawsuit in favor of MFS and against Nadieh Rahimian Marnani, in the amount of $3,891.23.

20. Thereafter, on or about May 16, 2014, Defendants requested and obtained a <u>Writ of Execution (Money Judgment)</u> from the Court Clerk in the state court lawsuit.

21. Thereafter, on or about May 30, 2014, Defendants drafted and served a <u>Notice of Levy Under Writ of Execution (Money Judgment)</u> on JPMorgan Chase Bank, N.A., together with a copy of the <u>Writ of Execution (Money Judgment)</u> that Defendants had obtained from the Court Clerk in the state court lawsuit.

22. Plaintiff is informed and believes, and thereon alleges, that Defendants' <u>Notice of Levy Under Writ of Execution (Money Judgment)</u> was drafted by MEZZETTI on behalf of MFS, and was approved and ratified by HOLMES on behalf of MFS and H&U.

23. Defendants' <u>Notice of Levy Under Writ of Execution (Money Judgment)</u> instructed JPMorgan Chase Bank, N.A., to levy the following described property:

> ANY & ALL BANK DEPOSIT ACCOUNTS IN THE NAME OF JUDGMENT DEBTOR(S) EITHER INDIVIDUAL AND/OR JOINTLY HELD   INCLUDING BUT NOT LIMITED TO CHECKING, SAVINGS, MONEY MARKET, WIRE TRANSFER, SAFE DEPOSIT BOXES COMMERCIAL & CONSUMER INCLUDING BUT NOT LIMITED TO ACCOUNT #[redacted]. PLEASE ALLOW COUNTY PROCESS SERVICE, 31 E. JULIAN ST. SAN JOSE, CA, TO SERVE LEVY   HOLD WRIT FULL TERM OR UNTIL PAID IN FULL

24. Although Plaintiff was not lawfully obligated to pay the debt, Defendants' <u>Notice of Levy Under Writ of Execution (Money Judgment)</u> provided the account number for Plaintiff's JPMorgan Chase Bank, N.A., checking account.  As a direct result of Plaintiff's account number being placed on Defendants' <u>Notice of Levy Under Writ of Execution (Money Judgment)</u>, Plaintiff's JPMorgan Chase Bank, N.A., checking account was locked and levied on May 30, 2014.

25. Plaintiff is informed and believes, and thereon alleges, that Defendants made and used false statements and misrepresentations in their <u>Notice of Levy Under Writ of Execution (Money Judgment)</u>, in an attempt to collect from Plaintiff a debt which she did not lawfully owe.

26. Plaintiff is informed and believes, and thereon alleges, that Defendants' <u>Notice of Levy Under Writ of Execution (Money Judgment)</u> misrepresented that the judgment against Plaintiff's

sister was lawfully enforceable against Plaintiff's JPMorgan Chase Bank, N.A., checking account.

27.  Plaintiff is informed and believes, and thereon alleges, that by drafting and serving the <u>Notice of Levy Under Writ of Execution (Money Judgment)</u>, Defendants attempted to collect a debt from Plaintiff which she did not owe, an action that could not be lawfully taken.

28.  Plaintiff is informed and believes, and thereon alleges, that Defendants' <u>Notice of Levy Under Writ of Execution (Money Judgment)</u>, attempted to collect interest, fees or other charges from Plaintiff that were not permitted by law.

29.  As a result of Defendants' <u>Notice of Levy Under Writ of Execution (Money Judgment)</u> being served on JPMorgan Chase Bank, N.A., Plaintiff was required to retain legal counsel at her own expense; thereby, incurring actual damages in the form of attorney fees and costs.[2]

## VII.  CLAIMS

### FAIR DEBT COLLECTION PRACTICES ACT

30.  Plaintiff brings the first claim for relief against all Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

31.  Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

32.  Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

33.  Defendant, MFS, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

34.  Defendant, MEZZETTI, is a "debt collector" as that term is defined by the

---

[2] See, *Owens v. Howe*, 365 F. Supp. 2d 942, 948 (N.D. Ind. 2005) (the attorney fees and cost incurred defending a state court lawsuit are properly awarded as actual damages under 15 U.S.C. § 1692k(a)(1), and not under 15 U.S.C. § 1692k(a)(3)); *Lowe v. Elite Recovery Solutions L.P.*, 2008 U.S. Dist. LEXIS 8353, at *9 (E.D. Cal. Feb. 4, 2008) (awarding attorney fees court costs incurred defending state court action as actual damages under 15 U.S.C. § 1692k).

FDCPA, 15 U.S.C. § 1692a(6).

35. Defendant, H&U, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

36. Defendant, HOLMES, is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

37. The financial obligation that Defendants attempted to collect from Plaintiff is a "debt" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

38. Defendants have violated the FDCPA. The violations include, but are not limited to, the following:

a. Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

b. Defendants misrepresented the character or legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A);

c. Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of a debt, in violation of 15 U.S.C. § 1692e(2)(B);

d. Defendants misrepresented that MFS was lawfully entitled to collect the debt from Plaintiff, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

e. Defendants attempted to collect the debt from Plaintiff, an action that cannot lawfully be taken, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10);

f. Defendants engaged in unfair and unconscionable practices in an attempt to collect the debt from Plaintiff, in violation of 15 U.S.C. § 1692f; and

g. Defendants attempted to collect interest, fees or other charges from Plaintiff that were not permitted by law, in violation of 15 U.S.C. § 1692f(1).

39. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

40. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

41. Plaintiff brings the second claim for relief against all Defendants, <u>except</u> HOLMES, under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

42. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

43. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

44. Defendant, MFS, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

45. Defendant, MEZZETTI, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

46. Defendant, H&U, is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

47. The financial obligation that Defendants attempted to collect from Plaintiff is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

48. Defendants have violated the RFDCPA. The violations include, but are not limited to, the following:

      a. Defendants made and used false, deceptive and misleading representations in an attempt to collect the debt, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[3]

      b. Defendants misrepresented the character, amount or legal status of the debt, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[4]

      c. Defendants misrepresented the compensation which may be lawfully received by Defendants for the collection of the debt, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;[5]

      d. Defendants misrepresented that MFS was lawfully entitled to collect the debt from Plaintiff, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[6]

      e. Defendants attempted to collect the debt from Plaintiff, an action that cannot lawfully be taken, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[7]

      f. Defendants engaged in an unfair and unconscionable practices in an attempt to collect the debt from Plaintiff, in violation of Cal. Civil Code §§ 1788.13(e) and 1788.17;[8] and

      g. Defendants attempted to collect interest, fees or other charges from Plaintiff that were not permitted by law, in violation of Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17.[9]

49. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the debt, within the meaning of Cal. Civil Code § 1788.30(b).

50. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an

---

[3] 15 U.S.C. §§ 1692e and 1692e(10).
[4] 15 U.S.C. § 1692e(2)(A).
[5] 15 U.S.C. § 1692e(2)(B).
[6] 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).
[7] 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).
[8] 15 U.S.C. § 1692f.
[9] 15 U.S.C. § 1692f(1).

award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

51. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

52. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not to exceed one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.17.[10]

53. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs, pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17.[11]

54. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## VIII.  REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), 1692f and 1692f(1);

c) Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(e), 1788.14(b) and 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15

---

[10] 15 U.S.C. § 1692k(a)(2)(A).
[11] 15 U.S.C. § 1692k(a)(3).

U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e) Award Plaintiff statutory damages in an amount not to exceed $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty against each Defendant, except HOLMES, in an amount not less than $100 nor greater than $1,000, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages against each Defendant, except HOLMES, in an amount not to exceed $1,000, pursuant to Cal. Civil Code § 1788.17;[12]

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1788.17[13] and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

CONSUMER LAW CENTER, INC.

By: /s/ Fred W. Schwinn
Fred W. Schwinn (SBN 225575)
Raeon R. Roulston (SBN 255622)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 1014
San Jose, California  95113-2418
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorneys for Plaintiff
FARIBA RAHIMIAN MARNANI

---

[12] 15 U.S.C. § 1692k(a)(2)(A).
[13] 15 U.S.C. § 1692k(a)(3).

**CERTIFICATION PURSUANT TO CIVIL L.R. 3-16**

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, FARIBA RAHIMIAN MARNANI, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ Fred W. Schwinn
Fred W. Schwinn, Esq.