UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FARIBA RAHIMIAN MARNANI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MEZZETTI FINANCIAL SERVICES, INC.,, et al.,<br><br>　　　　　Defendants. | Case No. 14-CV-04743-LHK<br><br>**ORDER DISMISSING THE CASE WITH PREJUDICE**<br><br>Re: Dkt. No. 43 |

On October 9, 2015, Plaintiff Fariba Rahimian Marnani filed a notice of settlement voluntarily dismissing, with prejudice, all of Plaintiff's claims against Defendants Mezzetti Financial Services, Inc., Jose Mezzetti, Holmes & Uzoz, LLP, and Lesie Anne Holmes (collectively, "Defendants"). ECF No. 40. However, because Defendants had already filed answers in this case, *see* ECF Nos. 19-21, 32-34, Plaintiff could voluntarily dismiss without a Court order only by filing "a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A); *see also Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995). Accordingly, on October 11, 2015 the Court ordered the parties to file a joint stipulation of dismissal if the case had indeed settled. ECF No. 41.

Plaintiff and Defendants each filed a Declaration in response to the Court's October 11,

1

2015 Order. ECF Nos. 42-43. The parties confirm that the case has settled and that Defendants have performed according to the settlement agreement. *See* ECF Nos. 42-43. Defendants request an additional thirty days to permit a third party witness to comply with Defendants' subpoena. ECF No. 42. At the end of thirty days, Defendants offer to file either a joint request for dismissal or to "take any other action necessary to obtain compliance with the outstanding subpoena." Defendants do not explain the relevance of the third party subpoena. In response, Plaintiff requests that this Court order the matter dismissed with prejudice. ECF No. 43.

Federal Rule of Civil Procedure 41(a)(2) provides that an action may be dismissed "at the plaintiff's request" with a court order, "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal unless a defendant can show that it will suffer some plain legal prejudice as a result." *Kelly v. Eli Lilly & Co.*, No. 14-CV-03869-JST, 2015 WL 2062047, at *1 (quoting *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987)). "Plain legal prejudice" means "prejudice to some legal interest, some legal claim or some legal argument" and includes "the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations defense." *Id.* (brackets omitted) (quoting *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996)). Defendants do not object to the terms of the settlement agreement. Nor do Defendants point to any remaining performance by Plaintiff that is required by the settlement agreement, or to any "legal prejudice." Accordingly, the Court GRANTS Plaintiff's request to dismiss the case with prejudice.

The Clerk shall close the case file.

**IT IS SO ORDERED.**

Dated: October 13, 2015

_____
LUCY H. KOH
United States District Judge

2

Case No. 14-CV-04743-LHK
ORDER DISMISSING THE CASE WITH PREJUDICE